207 S.E.2d 147 (1974)
Shirley Ann Murray BELL et al.
v.
STATE FARM MUTUAL AUTOMOBILE INS. CO.
No. 13312.
Supreme Court of Appeals of West Virginia.
March 19, 1974.
Dissenting Opinion July 29, 1974.
*148 Steptoe & Johnson, Robert M. Steptoe, Jr. and Kingsley R. Smith, Clarksburg, for appellant.
David L. Solomon, Morgantown, for appellees.
NEELY, Justice:
This is an appeal from the Circuit Court of Monongalia County in which plaintiffs were awarded the sum of $20,000 in a suit under the West Virginia Uninsured Motorist Law against the defendant insurer. Plaintiffs Hubert Murray and Shirley Murray Bell are respectively father and daughter, each of whom carried a separate automobile liability insurance policy with the defendant State Farm. Both policies were in effect on June 8, 1970, when an uninsured motorist collided with Shirley Bell, and both policies included uninsured motorist coverage. Shirley Bell's policy protected her against loss from the operation of her 1970 Fiat automobile and Hubert Murray's policy covered a 1966 Ford automobile.
The accident which gave rise to this suit occurred while Shirley Bell was operating a 1968 Honda motorcycle which was owned by Shirley Bell, but which was not insured under either policy. After the accident, under the provisions of the uninsured motorist policy, plaintiffs brought an action against the uninsured motorist and recovered a $40,000 judgment. Upon demand that defendant pay the judgment up to the *149 limits of coverage, State Farm denied liability under both policies. Plaintiffs then brought this action against State Farm and the Circuit Court determined that plaintiffs could recover the maximum policy coverage of $10,000 under each of the State Farm policies.
The basis upon which State Farm denies liability is found in two exclusionary clauses in the uninsured motorist coverage. The first excludes payment when the policyholder sustains bodily injury while occupying a motor vehicle which is owned by an insured but to which the insured's liability coverage does not apply, and the second provides that uninsured motorist protection will be considered excess coverage over any other applicable insurance of a similar nature. The Honda motorcycle would qualify for the first exclusion, as it was owned by Shirley Bell but was not listed for coverage in her policy, which insured only her 1970 Fiat automobile.
Plaintiff Hubert Murray based his suit against State Farm under his policy which insured all family members of his household against losses sustained through the negligence of uninsured motorists. State Farm denied liability under this claim for the same reasons that it denied Shirley Bell's claim.
The exclusionary clause regarding an owned but not insured vehicle provides:
"This [uninsured motorist] insurance does not apply:
"(a) To bodily injury to an insured while occupying a motor vehicle (other than an insured motor vehicle) owned by the named insured or if a resident of the same household as the named insured, his spouse or relatives of either, or through being struck by such a motor vehicle."
The limitation clause providing for uninsured motorist coverage to be excess coverage under any other applicable policy provides:
"Under `[the uninsured motorist coverage] with respect to bodily injury to an insured while occupying a motor vehicle not owned by the named insured, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such motor vehicle as primary insurance, and this insurance shall then apply only in the amount by which the Limit of Liability for this coverage exceeds the applicable limit of liability of such other insurance."
State Farm represents that the terms of the insurance policies are specific, unambiguous in meaning, and fair and reasonable in effect. As applied to the facts of this case the plaintiffs would be foreclosed from recovery if the rights of the parties were governed exclusively by the terms of the contract. Plaintiffs assert that the terms of the insurance policies on which the defendant relies to deny liability are void because they are more restrictive than permitted by the uninsured motorist statute.
Chapter 33, Article 6, Section 31(b), Code of West Virginia, 1931, as amended, requires all motor vehicle insurance policies issued by any licensed insurer in West Virginia to contain a "provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . . ." Code, 33-6-31(c), defines "insured" as "the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise.. . ." An uninsured motorist clause in an insurance policy, if such policy conforms to the statute, insures all family members of a named insured's household without exception whenever bodily injury results from an accident with an uninsured motorist in which the uninsured motorist would be legally liable. Within this required uninsured motorist coverage there are no distinctions with regard to an owned but not insured motor vehicle, as the coverage applies to *150 use or occupancy of "a motor vehicle or otherwise."
As automobile transportation has attained a pervasive status in the organization of society and commerce, the State has a legitimate interest in assuring that the burden of loss in owning, operating, and maintaining automobiles be justly and equitably distributed. For this reason the Legislature has enacted the West Virginia Uninsured Motorist Law, Code, 33-6-31, as amended, which contains specific requirements applicable to insurance underwriters. This statute regulates, in part, the relationship between an insured and the insurer, and, therefore, an insurance contract cannot alter the terms as provided by the statute. This Court holds that because the exclusionary clauses are more restrictive than the uninsured motorist statute or add requirements not authorized by the uninsured motorist statute, they are repugnant to the statute and therefore void. Plaintiff Shirley Bell, therefore, is entitled to recover from defendant State Farm under the statutory coverage which now stands in lieu of the void exclusionary clause.
The uninsured motorist statute seeks to assure at least minimum relief from the consequences of a loss caused by an uninsured motorist. Because every citizen is exposed to the risk of loss, the Legislature has provided through the uninsured motorist statute that the burden of loss should be distributed among all owners of insured motor vehicles registered in West Virginia. Although this burden is distributed among insured motor vehicle owners, the benefits of uninsured motorist coverage extend to household family members of insured motor vehicle owners as stated above. An insurance policy, therefore, which seeks to defeat the purpose of spreading the burden of loss or the benefits of coverage by limiting, through exclusions or otherwise, the insurance underwriter's liability is repugnant to the uninsured motorist statute. In this regard the Court notes with approval the following from Widess, A Guide to Uninsured Motorist Coverage, Section 2.9:
"There seems to be a growing trend of decisions in which the courts have taken the position that such restrictions [exclusionary clauses] upon the coverage. . . are against public policy and therefore void. One case . . . elicited the following response which speaks to the question [of exclusionary clauses] generally: `Thus, the uninsured motorist coverage was applicable if at the time of sustaining injury . . . a named insured was occupying the Ford described in his policy or was on foot or on horseback or while sitting in his rocking chair on his front porch or while occupying a non-owned automobile furnished for his regular use.' Motorists Mut. Ins. Co. v. Bittler, 14 Ohio Misc. 23, 235 N.E.2d 745, at 751 (1968)."
Also the Pennsylvania Supreme Court in Bankes v. State Farm Mutual Insurance Co., 216 Pa.Super. 162, 264 A.2d 197 (1970) held in a case similar to the case at bar that an exclusion in an automobile liability policy which denied uninsured motorist coverage to the insured while operating a motorcycle owned by him but not insured under the policy was repugnant to the statutory uninsured motorist coverage and therefore void.
State Farm maintains that the exclusionary provision for motor vehicles owned-but-not-insured is a fair and reasonable contractual agreement between the insurer and the insured, and that to determine otherwise would disrupt actuarial calculations which provide a basis for premiums. Whatever theoretical merit exists in this argument is diluted in practice. Insurance contracts are notoriously complex, see Tulley v. State Farm, supra, and border on the status of contracts of adhesion. See Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69 (1960); Allen v. Metropolitan Life Insurance Co., 44 N.J. 294, 208 A.2d 638 (1965). Under this view the *151 insured and insurer do not stand in pari causa, and therefore, the insured's assent to the agreement lacks completeness in relation to that of the insurer.
From the adoption of the uninsured motorist law in 1967, only one court in West Virginia has considered whether a plaintiff may recover under more than one uninsured motorist policy, and that court has determined in the case of Tulley v. State Farm, 345 F.Supp. 1123 (S.D.W.Va.1972) that such recovery is authorized by the uninsured motorist statute. The Federal District Court, finding no applicable West Virginia law, cited with approval Bryant v. State Farm Mutual Insurance Co., 205 Va. 897, 140 S.E.2d 817 (1965) decided under a similar Virginia uninsured motorist statute and quoted from the Virginia case the following applicable principle:
". . . the controlling instrument is the statute and . . . provisions in the insurance policy that conflict with the requirements of the statute, either by adding to or taking from its requirements are void and ineffective. . . ." 345 F.Supp. at p. 1128.
Although neither of the above decisions is binding upon this Court, the Court concurs with the decisions in both cases.
It is only fair that an insured be permitted to collect upon as many policies as provide him coverage under the statute up to the limits of both policies or the amount of the judgment, whichever is less. As the premium has been paid for insurance coverage for a person protected by the statute, it should be a matter of indifference to insurance carriers that, as a general principle, they must pay up to the coverage limit on a number of policies, when the premiums for such protection have been paid. Any other result would lead to the unjust enrichment of insurance companies, Simpson v. State Farm Mutual Automobile Co., 318 F.Supp. 1152 (S.D.Ind.1970).
For the reasons stated above, the decision of the Circuit Court of Monongalia County is affirmed.
Affirmed.
SPROUSE, Justice (dissenting):
I respectfully dissent from that part of the majority decision holding that the uninsured motorist provision of the policy covered the Honda motorcycle by operation of law, even though the motorcycle was not included in the policy and no part of the premium had been paid for its coverage. The insurance policy specifically excluded owned but not insured vehicles. The majority opinion held this exclusionary clause to be in conflict with the applicable West Virginia insurance statute. That statute provides in part that such an insurance policy must provide uninsured motorist coverage to each insured "while in a motor vehicle or otherwise." The term "motor vehicle" refers to an insured motor vehicle. Therefore, the holding that a policyholder's non-listed vehicle is covered must be derived from the phrase "or otherwise".
There is nothing in the language of the statute as a whole or in any part of it that indicates a legislative intent to express such a specific public policy with that casual phraseology. It is more logical to interpret "or otherwise" as applying to locale rather than as language determining vehicle coverage. The interpretation placed on this phrase by the majority allows an insured to pay premiums for the uninsured motorist protection of one vehicle, yet receive free coverage for any other vehicle which he owns. This bonus is bestowed despite a specific contract between the parties to the contrary. See Nationwide Mutual Insurance Company v. Akers, 340 F.2d 15 (4th Cir.), wherein the Fourth Circuit Court of Appeals applied this reasoning in a similar factual situation.
I am authorized to state that Justice BERRY joins in this dissenting opinion.