**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1657**

UNITED FINANCIAL CASUALTY COMPANY,

    Plaintiff - Appellee,

  v.

GREG ALLEN BALL,

    Defendant - Appellant,

  and

MILTON HARDWARE, LLC; BUILDERS DISCOUNT, LLC; RODNEY PERRY,

    Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:17-cv-02002)

Argued:  September 18, 2019      Decided:  October 30, 2019

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Vacated and remanded by published opinion.  Judge Niemeyer wrote the opinion, in which Judge Wilkinson and Judge Agee joined.

**ARGUED:**  Stephen Brooks Farmer, FARMER, CLINE & CAMPBELL, PLLC, Charleston, West Virginia, for Appellant.  Susan Renee Snowden, JACKSON KELLY,

PLLC, Martinsburg, West Virginia, for Appellee. **ON BRIEF:** Jennifer D. Roush, FARMER, CLINE & CAMPBELL, PLLC, Charleston, West Virginia, for Appellant.

NIEMEYER, Circuit Judge:

In this appeal, we determine whether the Worker's Compensation exclusion or the Employee Indemnification and Employer's Liability exclusion in a standard commercial automobile insurance policy excludes coverage for the liability of a third-party permissive user of an insured vehicle who caused personal injuries to an employee of a named insured.

While employees of Milton Hardware, LLC, including Milton Hardware's owner, were performing construction work at the home of Rodney Perry in Milton, West Virginia, Milton Hardware's owner authorized Perry to move one of Milton Hardware's trucks, which was blocking the driveway. In doing so, however, Perry accidentally struck a Milton Hardware employee, Greg Ball, causing him serious injuries.

When Ball requested indemnification from Milton Hardware's insurer, United Financial Casualty Company, United Financial denied coverage and commenced this action for a declaratory judgment that the policy it issued to Milton Hardware did not cover Perry's liability for Ball's injuries. The district court agreed. While the court recognized that Perry was a permissive user of the truck and therefore an "insured," as defined in United Financial's policy, the court concluded that the Worker's Compensation exclusion in the policy eliminated coverage because Ball was an employee of a named insured and the policy excluded coverage for "[a]ny obligation for which an insured . . . may be held liable under workers' compensation . . . law." Because of this holding, the court did not directly address the Employee Indemnification and Employer's Liability exclusion, on which United Financial had also relied to deny coverage.

3

We conclude that because Ball's negligence claim against Perry was a claim against a third party, rather than a claim against his employer for workers' compensation, the Worker's Compensation exclusion did not apply. We also conclude that the policy's broader exclusion for Employee Indemnification and Employer's Liability, which on its face would apply to exclude coverage for Perry's liability to Ball, was inoperable because its limitation of coverage contravened West Virginia Code § 33-6-31, which requires motor vehicle insurance policies issued in the State to provide liability coverage to individuals using an insured vehicle with the owner's consent, except when the injured person can claim workers' compensation in connection with an accident for which his employer is liable. Because we conclude that neither the Worker's Compensation exclusion nor the Employee Indemnification and Employer's Liability exclusion bar coverage to Perry as an insured, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

I

The accident that caused Greg Ball's injuries occurred on October 25, 2016, at the home of Rodney Perry, where Milton Hardware was performing construction work on Perry's carport. At one point during the work, Milton Hardware's owner directed Ball and another employee to load debris into a Milton Hardware truck, but another Milton Hardware truck was in the driveway blocking their ability to do so. Milton Hardware's owner then gave Perry, the homeowner, permission to move that truck. As Perry was backing up, he accidentally hit Ball, temporarily pinning him between the truck Perry was

4

driving and another Milton Hardware truck. As a result, Ball sustained serious injuries that required hospitalization.

At the time of the accident, Milton Hardware had a commercial automobile liability insurance policy issued by United Financial, which provided liability coverage to Milton Hardware and to any person using Milton Hardware's vehicles with its permission. Based on this provision, Ball demanded that United Financial indemnify him for the injuries that he claimed were caused by Perry's negligence. United Financial denied coverage and commenced this action against the named insureds, Milton Hardware and Builders Discount, LLC, as well as Perry and Ball, asserting that coverage for Perry's liability to Ball was barred by both the policy's Worker's Compensation exclusion and its Employee Indemnification and Employer's Liability exclusion. Ball filed a crossclaim against Perry, seeking damages for his negligence, and a counterclaim against United Financial, asserting several claims. Specifically, he sought a declaratory judgment (1) that the Worker's Compensation exclusion did not apply; (2) that the Employee Indemnification and Employer's Liability exclusion violated West Virginia Code § 33-6-31(a) and therefore did not apply; (3) alternatively, that he was entitled to Uninsured Motorist coverage under the policy; and (4) that he was entitled to Medical Payments coverage under another provision of the policy. In addition, Ball sought money damages from United Financial, alleging breach of contract, breach of the covenants of good faith and fair dealing, unfair trade practices, and common law bad faith.

On cross-motions for summary judgment, the district court granted United Financial's motion and denied Ball's and Perry's motions by order dated May 14, 2018.

The court concluded that because Ball "sustained his injuries while he was working within the course of his employment with Milton Hardware," his injuries fell within the scope of the Worker's Compensation exclusion and "that, as a result, he [was] barred from liability coverage under the policy." The court also rejected Ball's argument that West Virginia Code § 33-6-31(a) required United Financial to extend liability coverage to Perry as a permissive user of an insured automobile, reasoning that the exception in § 33-6-31(h) applied to eliminate this requirement. *See* W. Va. Code § 33-6-31(h) (providing that subsection (a) does "not apply to any policy of insurance to the extent that it covers the liability of an employer to his or her employees under any workers' compensation law"). While the court acknowledged Ball's argument that the exception in § 33-6-31(h) was inapplicable because his tort claim was against a third party and not his employer, the court adhered to its position because "it would be unreasonable" to "give Perry greater coverage" under the policy than Milton Hardware would have received "had Ball brought his claims directly against his employer." Giving the same reasons, the court also denied Ball coverage under the policy's Medical Payments provisions and its Uninsured Motorist provisions. In its order granting summary judgment to United Financial, the court dismissed all of Ball's counterclaims against United Financial, including his state law claims for damages. Finally, the court declined to exercise supplemental jurisdiction over Ball's state law tort claim against Perry.

From the district court's judgment, Ball filed this appeal.

At the core of the district court's holding is its conclusion that Ball's negligence claim against Perry, who was a permissive user of a Milton Hardware truck, was not covered by United Financial's liability policy because of the policy's Worker's Compensation exclusion. The court reasoned that because Ball was a Milton Hardware employee who was injured during the course of his employment, any coverage for his injuries, regardless of who caused them, must be denied.

Challenging the district court's ruling, Ball notes that the coverage he seeks is not for or in regard to any workers' compensation claim or liability, but for third-party Perry's liability to him for negligence under the common law. And because that claim is not for workers' compensation, he argues, the policy's Worker's Compensation exclusion is inapplicable.

The United Financial policy at issue, which was issued to Milton Hardware and Builders Discount, provided $1 million in liability coverage, including liability "because of an accident arising out of the ownership, maintenance or use of [an] insured auto." The coverage extended to the named insureds, Milton Hardware and Builders Discount, and also to "[a]ny person while using, with [a named insured's] permission, and within the scope of that permission, an insured auto [that a named insured] own[s]." In addition, the policy specifies that "the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or lawsuit is brought."

The policy, however, contains several exclusions, including the Worker's Compensation exclusion and the Employee Indemnification and Employer's Liability

7

exclusion. The Worker's Compensation exclusion provides that the policy's liability coverage does not extend to "[a]ny obligation for which an insured or an insurer of that insured, even if one does not exist, may be held liable under workers' compensation . . . or any similar law." As noted, the district court concluded that the accident in question implicated workers' compensation law and therefore relied on this exclusion in denying coverage to Perry for his alleged liability to Ball, who was a Milton Hardware employee.

The West Virginia Workers' Compensation Act provides that *an employer* subject to the Act must compensate its employees — directly, through an insurance company, or through the State — for "personal injuries [sustained] in the course of and resulting from their covered employment" without regard to fault. W. Va. Code § 23-4-1(a). And the benefits provided by the Act supplant common law remedies, making an employer in compliance with the Act immune from common law liability to its employees for negligently causing injuries. *Id.* § 23-2-6; *see also Canterbury v. Valley Bell Dairy Co.*, 95 S.E.2d 73, 75 (W. Va. 1956); *Smith v. Monsanto Co.*, 822 F. Supp. 327, 329–30 (S.D. W. Va. 1992). As the West Virginia Supreme Court of Appeals has explained, the workers' compensation system was "designed to release both an employer and its employees from common-law rules of liability and damage, protect an employer from expensive and unpredictable litigation, and provide compensation for injuries to employees without the burdensome requirements of proving common-law negligence." *Erie Ins. Prop. & Casualty Co. v. Stage Show Pizza, JTS, Inc.*, 553 S.E.2d 257, 262 (W. Va. 2001).

But the scope of the workers' compensation immunity from common law suits is not unlimited. If the employee's work-related injury is caused entirely or in part by the

8

negligence of a third party, the employee is entitled to sue the third party under the common law, *see* W. Va. Code § 23-2A-1, and such suit is not a workers' compensation claim, *see Jones v. Appalachian Elec. Power Co.*, 115 S.E.2d 129, 133 (W. Va. 1960) (noting that "an employee who [has] received compensation for an injury [under the Workers' Compensation Act] [is] not thereby estopped from maintaining an action for damages for the same injury against a third person not his employer whose negligence caused his injury"). But if the employee recovers from the third person, then the employer or other entity that paid workers' compensation benefits on behalf of the employer is subrogated to the employee's claim to the extent of benefits paid. *See* W. Va. Code § 23-2A-1.

In sum, while a claim that an injured employee asserts against *his employer* for injuries arising in the course of and resulting from his employment is generally a workers' compensation claim, a claim brought by that employee against a *third party* for the same injuries is a common-law claim that does not arise under the Workers' Compensation Act. Thus, Perry's liability for Ball's injuries would *not* be, in the words of the Worker's Compensation exclusion, an "obligation for which [Perry as an insured] . . . may be held liable under workers' compensation . . . law." Perry was not Ball's employer; Ball was not Perry's employee; and Ball's claim against Perry therefore does not arise under workers' compensation law.

Accordingly, we conclude that the Worker's Compensation exclusion in the policy does not eliminate United Financial's duty to provide liability coverage to Perry with respect to Ball's negligence claim, and the district court erred in holding that the Worker's Compensation exclusion applied. *See Miralles v. Snoderly*, 602 S.E.2d 534,

9

540–41 (W. Va. 2004) (recognizing that the workers' compensation exclusion to uninsured/underinsured motorist coverage in an employer's commercial automobile policy did not apply because the employee's "work-related injuries were caused by a third party").

III

United Financial also relied on the Employee Indemnification and Employer's Liability exclusion to deny Perry liability coverage. That exclusion provides that liability coverage does not extend to "[b]odily injury to . . . *[a]n employee of any insured* arising out of or within the course of . . . [t]hat employee's employment by any insured" or to such employee "[p]erforming duties related to the conduct of any insured's business." (Emphasis added). It also provides that "[t]his exclusion applies . . . [w]hether the insured may be liable as an employer or *in any other capacity*." (Emphasis added).

While Ball appears to acknowledge that the broad language of this exclusion would, on its face, bar coverage to Perry, he contends that the exclusion is inconsistent with West Virginia Code § 33-6-31(a) and therefore is trumped by that provision. That statute provides in relevant part:

> No policy or contract of bodily injury liability insurance . . . covering liability arising from the ownership, maintenance or use of any motor vehicle, may be issued or delivered in this state to the owner of such vehicle . . . *unless it contains a provision insuring the named insured and any other person*, except a bailee for hire and any persons specifically excluded by any restrictive endorsement attached to the policy, . . . *using the motor vehicle with the consent, expressed or implied, of the named insured* . . . against liability for death or bodily injury sustained or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle by the named insured or by such person.

10

W. Va. Code § 33-6-31(a) (emphasis added); *see also Burr v. Nationwide Mutual Ins. Co.*, 359 S.E.2d 626, 632 (W. Va 1987) (recognizing that with "the mandatory omnibus requirements imposed by W. Va. Code, 33-6-31(a), . . . the legislature has demonstrated a clear intent to afford coverage to anyone using a vehicle with the owner's permission as a means of giving greater protection to those who are involved in automobile accidents").

United Financial, however, seizes on the district court's conclusion that West Virginia Code § 33-6-31(a) does not apply because of the workers' compensation exception in subsection (h), which provides that the requirement imposed in subsection (a) does "not apply to any policy of insurance to the extent that it covers the liability of an employer to his or her employees under any workers' compensation law." W. Va. Code § 33-6-31(h); *see also Henry v. Benyo*, 506 S.E.2d 615, 620 (W. Va. 1998) (holding that "[t]he plain language of subsection (h) prohibits an employee from collecting from his/her employer's [motor vehicle insurance policy] if his/her injuries are already covered by workers' compensation *and* if the accident is a result of the employer's or a coemployee's actions (*i.e.*, 'the employer's liability')" (emphasis in original)). Yet because we have concluded that Ball's claim against Perry is not a workers' compensation claim, but rather a third-party common law tort claim, the exception in § 33-6-31(h) does not apply, and § 33-6-31(a) continues to override the restrictions of the Employee Indemnification and Employer's Liability exclusion. *See Henry*, 506 S.E.2d at 620 (recognizing that where "an employee's work-related injuries are caused by a third-party, . . . subsection (h) does not apply because the *employer* is not 'liable' for the accident" (emphasis added)).

11

To be sure, the factual circumstances in *Henry* are somewhat distinguishable from those at issue here. There, an employee was injured in the course of his employment when the work vehicle he was operating collided with a third party's vehicle. After the employee collected workers' compensation benefits, he sought damages from the potentially underinsured third-party driver. The issue presented was whether the employee could "recover underinsured motorist benefits under his employer's motor vehicle insurance policy" to the extent a judgment against the third party exceeded the limits of that driver's coverage. *Henry*, 506 S.E.2d at 617. The court concluded that such coverage was not blocked by the exception in § 33-6-31(h) because "it [was] *the third-party* who [was] technically 'at fault' for the collision and resultant damages," not *the employer*. *Id.* at 620–21 (emphasis added). Thus, despite the slightly different context in *Henry*, its central lesson remains applicable here — namely, that whether § 33-6-31(h) applies turns on whether the driver who caused the employee's work-related injuries was, on the one hand, a third party or, on the other, the employer or a coemployee.

The district court, however, refused to accept *Henry*'s reasoning, concluding that because Perry, as an additional insured, stood in the same shoes as Milton Hardware, a named insured, Perry could enjoy no greater coverage than would Milton Hardware. As a result, the court held that since Milton Hardware's coverage was limited by § 33-6-31(h), so too was Perry's. But this analysis failed to recognize that Milton Hardware was Ball's employer, whereas Perry was not, placing the two in different positions vis-à-vis the application of § 33-6-31(h). Again, under that provision, motor vehicle insurance policies need not "cover[] the liability of *an employer* to his or her employees under any workers'

12

compensation law," W. Va. Code § 33-6-31(h) (emphasis added), meaning that "if the employee's injuries were caused by the employer [or] a coemployee, . . . the employee cannot collect workers' compensation benefits and then seek an additional recovery from the employer just because the employer has motor vehicle insurance that . . . also covers the employee's injuries," *Henry*, 506 S.E.2d at 620. But because Ball's common law tort claim against Perry is a third-party claim, § 33-6-31(h) has no effect.

At bottom, we conclude that while the language of the Employee Indemnification and Employer's Liability exclusion, considered alone, is sufficiently broad to deny Perry coverage for his liability to Ball, such a limitation of coverage for a permissive user of an insured vehicle contravenes West Virginia Code § 33-6-31(a) and thus renders the exclusion unenforceable. *See Universal Underwriters Ins. Co. v. Taylor*, 408 S.E.2d 358, 363 (W. Va. 1991) (recognizing "that any provision in an insurance policy which attempts to contravene W. Va. Code, 33-6-31(a) is of no effect" (cleaned up)); *see also Burr*, 359 S.E.2d at 631. Accordingly, we hold that the Employee Indemnification and Employer's Liability exclusion cannot operate to deny Perry coverage under United Financial's policy for his liability to Ball.

IV

Because we conclude that United Financial may not deny liability coverage to Perry by reason of either the Worker's Compensation exclusion or the Employee Indemnification

13

and Employer's Liability exclusion, we vacate the district court's judgment and remand for further proceedings as to any unresolved issues raised by the parties.

VACATED AND REMANDED