**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1452

UNITED FINANCIAL CASUALTY COMPANY,

Plaintiff - Appellee,

v.

GREG ALLEN BALL,

Defendant - Appellant

and

MILTON HARDWARE, LLC; BUILDERS DISCOUNT, LLC; RODNEY PERRY;

Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:17-cv-02002)

Argued:  December 7, 2021　　　　　　　　　　　　　Decided:  February 23, 2022

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Question certified to the Supreme Court of Appeals of West Virginia by published order. Judge Niemeyer directed entry of the order with the concurrences of Judge Wilkinson and Judge Agee.

**ARGUED:**　Stephen Brooks Farmer, FARMER, CLINE & CAMPBELL, PLLC, Charleston, West Virginia, for Appellant.　Susan Renee Snowden, JACKSON KELLY

PLLC, Martinsburg, West Virginia, for Appellee.  **ON BRIEF:**  Jennifer D. Roush, FARMER, CLINE & CAMPBELL, PLLC, Charleston, West Virginia, for Appellant.

NIEMEYER, Circuit Judge:

ORDER OF CERTIFICATION

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded by the State of West Virginia through the Uniform Certification of Questions of Law Act, W. Va. Code §§ 51-1A-1 to 51-1A-13, requests that the Supreme Court of Appeals of West Virginia exercise its discretion to accept the following question:

> When an exclusion in an automobile liability insurance policy violates West Virginia Code § 33-6-31(a) because it would deny coverage to a permissive user of an insured automobile, must the insurance company provide the permissive user with the full liability coverage available under the policy or the minimum liability coverage required by the Motor Vehicle Safety Responsibility Law, W. Va. Code § 17D-1-1 *et seq.*?

We acknowledge that the Supreme Court of Appeals may reformulate this question. *See* W. Va. Code §§ 51-1A-4, 51-1A-6(a)(3). In our view, there is no controlling appellate decision, constitutional provision, or West Virginia statute that definitively answers this question, and the answer will be determinative of an issue in a case currently pending before our court. Accordingly, we conclude that the question is appropriate for certification. *See id.* § 51-1A-3.

I

The facts relevant to the certified question are undisputed. On October 25, 2016, employees of Milton Hardware, LLC, were performing construction work at the home of Rodney Perry in Milton, West Virginia. At one point during the work, Milton Hardware's owner authorized Perry to move one of Milton Hardware's trucks, which was blocking the driveway. As Perry was moving the truck in reverse, however, he accidentally struck Greg

3

Ball, a Milton Hardware employee, temporarily pinning him between the truck Perry was driving and another Milton Hardware truck. As a result, Ball sustained serious injuries that required hospitalization.

At the time of the accident, Milton Hardware had a commercial automobile liability insurance policy issued by United Financial Casualty Company, which provided $1 million in liability coverage to Milton Hardware and to any person using Milton Hardware's vehicles with its permission. Based on this provision, Ball demanded that United Financial indemnify him for the injuries that he claimed were caused by Perry's negligence. United Financial denied coverage and commenced an action in federal court against the named insureds, Milton Hardware and Builders Discount, LLC, as well as Perry and Ball, seeking a declaratory judgment that it had no obligation to cover Perry's liability to Ball. It asserted that coverage for Perry's liability to Ball was barred by two exclusions in the policy — a "Worker's Compensation" exclusion and an "Employee Indemnification and Employer's Liability" exclusion. Ball filed a crossclaim against Perry, seeking damages for his negligence, and a counterclaim against United Financial for a declaratory judgment that, among other things, the Worker's Compensation exclusion did not apply and that the Employee Indemnification and Employer's Liability exclusion violated West Virginia Code § 33-6-31(a). Ball also sought money damages from United Financial, alleging breach of contract, breach of the covenants of good faith and fair dealing, unfair trade practices, and common law bad faith.

On cross-motions for summary judgment, the district court granted United Financial's motion. The court concluded that because Ball "sustained his injuries while he

4

was working within the course of his employment with Milton Hardware," his injuries fell within the scope of the Worker's Compensation exclusion and "that, as a result, he [was] barred from liability coverage under the policy." The court also rejected Ball's argument that West Virginia Code § 33-6-31(a) required United Financial to extend liability coverage to Perry as a permissive user of an insured automobile, reasoning that the exception in § 33-6-31(h) applied to eliminate this requirement. *See* W. Va. Code § 33-6-31(h) (providing that subsection (a) does "not apply to any policy of insurance to the extent that it covers the liability of an employer to his or her employees under any workers' compensation law"). The court dismissed all of Ball's counterclaims against United Financial, including his state law claims for damages, and it declined to exercise supplemental jurisdiction over Ball's state law tort claim against Perry.

On Ball's appeal, we vacated the district court's judgment and remanded for further proceedings. *United Financial Casualty Co. v. Ball*, 941 F.3d 710 (4th Cir. 2019). We held first that "because Ball's negligence claim against Perry was a claim against a third party, rather than a claim against his employer for workers' compensation, the [policy's] Worker's Compensation exclusion did not apply." *Id.* at 712. We also "conclude[d] that the policy's broader exclusion for Employee Indemnification and Employer's Liability, which on its face would apply to exclude coverage for Perry's liability to Ball, was inoperable because its limitation of coverage contravened West Virginia Code § 33-6-31." *Id.* Specifically, United Financial had argued that "§ 33-6-31(a) [did] not apply because of the workers' compensation exception in subsection (h)," but we explained that because "Ball's claim against Perry [was] not a workers' compensation claim, but rather a third-

5

party common law tort claim, the exception in § 33-6-31(h) [did] not apply, and § 33-6-31(a) continue[d] to override the restrictions of the Employee Indemnification and Employer's Liability exclusion." *Id.* at 716. As we summarized,

> At bottom, we conclude that while the language of the Employee Indemnification and Employer's Liability exclusion, considered alone, is sufficiently broad to deny Perry coverage for his liability to Ball, such a limitation of coverage for a permissive user of an insured vehicle contravenes West Virginia Code § 33-6-31(a) and thus renders the exclusion unenforceable. *See Universal Underwriters Ins. Co. v. Taylor*, 185 W. Va. 606, 408 S.E.2d 358, 363 (1991) (recognizing "that any provision in an insurance policy which attempts to contravene W. Va. Code, 33-6-31(a) is of no effect" (cleaned up)); *see also Burr* [*v. Nationwide Mut. Ins. Co.*], 359 S.E.2d [626, 631 (W. Va. 1987)]. Accordingly, we hold that the Employee Indemnification and Employee's Liability exclusion cannot operate to deny Perry coverage under United Financial's policy for his liability to Ball.

*Id.* at 717. Thus "conclud[ing] that United Financial may not deny liability coverage to Perry by reason of either the Worker's Compensation exclusion or the Employee Indemnification and Employer's Liability exclusion," we remanded "for further proceedings as to any unresolved issues raised by the parties." *Id.*

On remand to the district court, the parties disagreed on what level of coverage United Financial was required to provide in view of our holding that the Employee Indemnification and Employer's Liability exclusion was unenforceable. And this dispute brought into play West Virginia Code § 17D-4-2(b) (requiring minimum liability coverage of $25,000 for bodily injury to a person injured in a motor vehicle accident), as well as our prior holding under West Virginia Code § 33-6-31(a). United Financial argued that while the exclusion was unenforceable up to the $25,000 minimum liability coverage required by § 17D-4-2(b), it remained enforceable as to any amount above that statutory minimum.

6

Ball and Perry, by contrast, argued that the exclusion was entirely unenforceable under § 33-6-31(a) and that therefore United Financial was required to provide Perry with coverage of up to the full $1 million afforded by the policy.

The district court entered summary judgment upholding United Financial's position in a memorandum opinion and order dated March 31, 2020. J.A. 484–92. It observed that, in a series of cases, the "Supreme Court of Appeals of West Virginia has held that policy exclusions that violate the state's minimum coverage requirements set in the omnibus clause and [the] Safety Responsibility Law (W. Va. Code § 17D-1-1 *et seq.*) are void" but "has permitted these voided exclusions to apply above the minimum coverage requirements." J.A. 487 (citing, inter alia, *Jones v. Motorists Mut. Ins. Co.*, 356 S.E.2d 634 (W. Va. 1987)). The court found that *Gibson v. Northfield Insurance Co.*, 631 S.E.2d 598 (W. Va. 2005), and another case relied upon by Ball were distinguishable, and accordingly it held that the policy's Employee Indemnification and Employer's Liability exclusion was "unenforceable up to the minimum insurance coverage [of $25,000] required by state law but operative as to any amount above the state's mandatory minimum limits." J.A. 492. The court certified its ruling as a final judgment under Federal Rule of Civil Procedure 54(b), and Ball filed an appeal to our court. Ball's crossclaim against Perry and certain of his counterclaims against United Financial remain pending in the district court but have been stayed pending appeal.

The sole issue presented by the second appeal now before us is a narrow one regarding the level of liability coverage that United Financial must provide with respect to Perry's liability to Ball.

Milton Hardware's policy with United Financial provided for $1 million of liability coverage to Milton Hardware and *to any person using Milton Hardware's vehicles with its permission*. Concededly, at the time of the accident, Perry was a permissive user of Milton Hardware's vehicle. But the policy also contained an Employee Indemnification and Employer's Liability exclusion, which provided that liability coverage did not extend to "[b]odily injury to . . . [a]n employee of any insured arising out of or within the course of: (i) [t]hat employee's employment by any insured; or (ii) [p]erforming duties related to the conduct of any insured's business." It provided further that "[t]his exclusion applies . . . [w]hether the insured may be liable as an employer or in any other capacity."

Given that Ball was an employee of the named insured and was injured in the course of his employment, this exclusion would, on its face, bar *any* coverage to Perry for his liability to Ball. But West Virginia Code § 33-6-31(a) provides that, subject to limited exceptions, automobile liability insurance policies *must* contain "a provision insuring the named insured and any other person . . . using the motor vehicle with the consent, expressed or implied, of the named insured." W. Va. Code § 33-6-31(a).

In the last appeal, we rejected United Financial's argument that § 33-6-31(a) was inapplicable because of the workers' compensation exception in § 33-6-31(h). *United Financial Casualty Co.*, 941 F.3d at 715–17. Accordingly, we held that despite the broad

language of the Employee Indemnification and Employer's Liability exclusion, United Financial could not, consistent with West Virginia law, deny liability coverage to Perry, a permissive user of its insured's vehicle. *Id.* at 717. We did not resolve, however, the level of coverage that United Financial was required to provide to Perry. That issue was not raised by the parties and argued to us. But on remand, the issue was raised and is now presented to us in the second appeal.

United Financial contends that it is obligated to provide only the $25,000 minimum amount of coverage required by the Motor Vehicle Safety Responsibility Law, W. Va. Code § 17D-4-2(b) (requiring "proof of ability to respond in damages for liability . . . arising out of the . . . use of a motor vehicle . . . in the amount of $25,000 because of bodily injury to or death of one person in any one accident"). And Ball contends that United Financial is obligated to provide Perry with coverage in an amount of up to $1 million, as provided in the policy.

We recognize that West Virginia has two overlapping but distinct statutory provisions addressing the omnibus clauses that are "automatically engrafted onto all [automobile liability] policies issued in [the] State." *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 383 S.E.2d 791, 793 (W. Va. 1989); *see also Black's Law Dictionary* 1261 (10th ed. 2014) (defining an "omnibus clause" as "[a] provision in an automobile-insurance policy that extends coverage to all drivers operating the insured vehicle with the owner's permission"). First, as part of the Motor Vehicle Safety Responsibility Law, West Virginia Code § 17D-4-12(b)(2) provides that a motor vehicle liability policy must:

9

insure the person named therein *and any other person, as insured, using any such vehicle or vehicles with the express or implied permission* of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, operation, maintenance or use of such vehicle or vehicles . . . *subject to limits* exclusive of interest and costs, with respect to each such vehicle, *in the amounts required in section two of this article*.

W. Va. Code § 17D-4-12(b)(2) (emphasis added). Section 2 of Chapter 17D, Article 4, in turn, specifies the minimum amount of liability coverage that must be provided pursuant to this statutory requirement — $25,000, as relevant here. *Id.* § 17D-4-2(b). Second, the insurance chapter of the West Virginia Code also contains an omnibus clause requirement, codified at § 33-6-31(a). *See State Farm Mut. Auto. Ins. Co.*, 383 S.E.2d at 793. It directs:

No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, may be issued or delivered in this state to the owner of such vehicle . . . *unless it contains a provision insuring the named insured and any other person*, except a bailee for hire and any persons specifically excluded by any restrictive endorsement attached to the policy, responsible for the use of or *using the motor vehicle with the consent, expressed or implied, of the named insured* or his or her spouse *against liability for death or bodily injury sustained* or loss or damage occasioned *within the coverage of the policy* or contract as a result of negligence in the operation or use of such vehicle by the named insured or by such person . . . .

W. Va. Code § 33-6-31(a) (emphasis added).

West Virginia law appears fairly settled that when an insurance policy fails to extend the scope of liability coverage required by § 17D-4-12(b)(2), then the remedy is to require the insurance company to provide such coverage but — in the words of that provision — "*subject to limits . . . in the amounts required in*" § 17D-4-2. *See, e.g.*, *Jones*, 356 S.E.2d at 636; *Dotts v. Taressa J.A.*, 390 S.E.2d 568, 573–74 (W. Va. 1990). The dispositive question here is whether that same rule applies to an automobile liability policy that fails

10

to extend the scope of liability coverage required by § 33-6-31(a) or whether, in those circumstances, the *policy's own liability limits* become applicable. While the court's reasoning in *Gibson* might suggest the latter, 631 S.E.2d at 603 n.8, 604–06, 609, there does not appear to be any controlling authority definitively resolving this question. And finding "no controlling appellate decision, constitutional provision or [West Virginia] statute" that definitively answers that question, W. Va. Code § 51-1A-3, we conclude that the question warrants certification to the Supreme Court of Appeals of West Virginia given the potential impact a ruling on this issue may have in other cases.

III

Accordingly, under the privilege made available by the West Virginia Uniform Certification of Questions of Law Act, it is hereby ORDERED: (1) that the question stated above be, and the same hereby is, certified to the Supreme Court of Appeals of West Virginia; (2) that the Clerk of this Court forward to the Supreme Court of Appeals of West Virginia, under the official seal of this Court, a copy of this order and, to the extent requested by the Supreme Court of Appeals of West Virginia, the original or a copy of the record in this Court; and (3) that any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Supreme Court of Appeals.

11

The names and addresses of counsel of record for the parties are:

Counsel for the plaintiff, United Financial Casualty Company

Susan Renee Snowden
Jackson Kelly PLLC
P.O. Box 1068
Martinsburg, West Virginia 25401

Counsel for the defendant, Greg Allen Ball

Stephen Brooks Farmer
Farmer, Cline & Campbell, PLLC
P.O. Box 3842
Charleston, West Virginia 25338

Jennifer D. Roush
Farmer, Cline & Campbell, PLLC
P.O. Box 3842
Charleston, West Virginia 25338

This Order is entered by Judge Niemeyer with the concurrences of Judge Wilkinson and Judge Agee.

*QUESTION CERTIFIED*

Hon. Paul V. Niemeyer
Circuit Judge

12