IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2022 Term

_____

No. 22-0155

_____

FILED
November 17, 2022

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

GREG ALLEN BALL,
Petitioner,

v.

UNITED FINANCIAL CASUALTY
COMPANY, MILTON HARDWARE, LLC,
BUILDERS DISCOUNT, LLC, and
RODNEY PERRY,
Respondents

_____

Certified Question from the
United States Court of Appeals for the Fourth Circuit
No. 20-1452

CERTIFIED QUESTION ANSWERED

_____

Submitted: October 4, 2022
Filed: November 17, 2022

Stephen B. Farmer, Esq.
R. Chad Duffield, Esq.
Jennifer D. Roush, Esq.
Farmer Cline & Campbell, PLLC
Charleston, West Virginia
Counsel for Petitioner

Jeffrey A. Holmstrand, Esq.
Grove Holmstrand & Delk PLLC
Wheeling, West Virginia
Ancil G. Ramey, Esq.

Susan R. Snowden, Esq.
Jackson Kelly PLLC
Martinsburg, West Virginia
Counsel for Respondent United
Financial Casualty Company

Steptoe & Johnson PLLC
Huntington, West Virginia
Dallas F. Kratzer III, Esq.
Steptoe & Johnson PLLC
Columbus, Ohio
Counsel for Amicus Curiae
Defense Trial Counsel
of West Virginia

CHIEF JUSTICE HUTCHISON delivered the Opinion of the Court.
JUSTICE WALKER concurs and reserves the right to file a concurring opinion.
JUSTICE ARMSTEAD dissents and reserves the right to file a dissenting opinion.
JUSTICE BUNN, deeming herself disqualified, did not participate in the decision of the case.
JUDGE SADLER, sitting by temporary assignment.

**SYLLABUS BY THE COURT**

1.      "The mandatory omnibus requirements imposed by W. Va. Code, 33-6-31(a), indicate that the legislature has demonstrated a clear intent to afford coverage to anyone using a vehicle with the owner's permission as a means of giving greater protection to those who are involved in automobile accidents. The statute should be liberally construed to effect coverage." Syl. Pt. 3, *Burr v. Nationwide Mut. Ins. Co.*, 178 W. Va. 398, 359 S.E.2d 626 (1987).

2.      "Any provision in an insurance policy which attempts to contravene W. Va. Code, 33-6-31(a), is of no effect." Syl. Pt. 2, *Burr v. Nationwide Mut. Ins. Co.*, 178 W. Va. 398, 359 S.E.2d 626 (1987).

3.      "W.Va. Code, 33-6-31(a) [1998] expressly requires that a motor vehicle insurance policy contain a provision insuring the named insured and any other person responsible for the use of or using the motor vehicle against liability to another for death, bodily injury, loss or damage sustained as a result of negligence in the operation or use of such vehicle. Any additional provision in a motor vehicle insurance policy which tends to limit, reduce or nullify that . . . liability coverage . . . is void and ineffective as against public policy." Syl. Pt. 3, *Gibson v. Northfield Ins. Co.*, 219 W. Va. 40, 631 S.E.2d 598 (2005).

4.      When an exclusion in a motor vehicle liability insurance policy violates West Virginia Code § 33-6-31(a) [2015] because it would deny coverage to a

permissive user of an insured vehicle, the exclusion is void, and the insurance policy must provide coverage to the permissive user up to the full limits of liability coverage available under the policy.

**HUTCHISON, Chief Justice**:

This case is before this Court on a certified question from the United States Court of Appeals for the Fourth Circuit concerning the amount of motor vehicle liability insurance coverage, if any, that United Financial Casualty Company ("United Financial") must provide to a non-employee permissive user of an insured vehicle who caused personal injuries to an employee of a named insured under a standard commercial automobile insurance policy issued by United Financial ("the policy"):

> When an exclusion in an automobile liability insurance policy violates West Virginia Code § 33-6-31(a) because it would deny coverage to a permissive user of an insured automobile, must the insurance policy provide the permissive user with the full liability coverage available under the policy or the minimum liability coverage required by the Motor Vehicle Safety Responsibility Law, West Virginia Code § 17D-1-1 *et seq.*?

The Fourth Circuit has determined that an Employee Indemnification and Employer's Liability's exclusion[1] in United Financial's policy is void and unenforceable

---

[1] The Employee Indemnification and Employer's Liability exclusion is the exclusion relevant to the certified question; it provides as follows:

**PART I – LIABILITY TO OTHERS**

. . . .

**EXCLUSIONS**

. . . .

Coverage under this Part I, including **our** duty to defend, does not apply to:

Continued . . .

under the mandatory omnibus requirements of West Virginia Code § 33-6-31(a) [2015]. Upon review of the parties' briefs, appendix record, oral argument, and applicable legal authority, and for the reasons stated below, we find the void exclusion may not be invoked to limit the amount of liability insurance coverage available to a permissive user of a vehicle insured by United Financial's policy. We conclude that United Financial must afford the permissive user with coverage up to the full limits of liability coverage available under the insurance policy for any damages proven.

## I. Factual and Procedural Background

. . . .

5. **Employee Indemnification and Employer's Liability Bodily Injury** to:

a. An employee of any **insured** arising out of or within the course of:

(i) That employee's employment by any **insured**;

or

(ii) Performing duties related to the conduct of any **insured's** business; or

. . . .

This exclusion applies:

a. Whether the **insured** may be liable as an employer or in any other capacity. . . .

2

In its published order, *United Financial Casualty Company v. Ball*, 31 F.4th 164 (4th Cir. 2022), the Fourth Circuit set forth the undisputed relevant facts and procedural history as follows:

On October 25, 2016, employees of Milton Hardware, LLC, were performing construction work at the home of Rodney Perry in Milton, West Virginia. At one point during the work, Milton Hardware's owner authorized Perry to move one of Milton Hardware's trucks, which was blocking the driveway. As Perry was moving the truck in reverse, however, he accidentally struck Greg Ball, a Milton Hardware employee, temporarily pinning him between the truck Perry was driving and another Milton Hardware truck. As a result, Ball sustained serious injuries that required hospitalization.

At the time of the accident, Milton Hardware had a commercial automobile liability insurance policy issued by United Financial Casualty Company, *which provided $1 million in liability coverage to Milton Hardware and to any person using Milton Hardware's vehicles with its permission.* Based on this provision, Ball demanded that United Financial indemnify him for the injuries that he claimed were caused by Perry's negligence. United Financial denied coverage and commenced an action in [the United States District Court for the Southern District of West Virginia] against the named insureds, Milton Hardware and Builders Discount, LLC, as well as Perry and Ball, seeking a declaratory judgment that it had no obligation to cover Perry's liability to Ball. It asserted that coverage for Perry's liability to Ball was barred by two exclusions in the policy—a "Worker's Compensation" exclusion[2] and an "Employee Indemnification and Employer's Liability" exclusion.[3] Ball filed a crossclaim against Perry,

---

[2] West Virginia Code § 33-6-31(h) provides that "[t]he provisions of subsections (a) and (b) of this section do not apply to any policy of insurance to the extent that it covers the liability of an employer to his or her employees under any workers' compensation law."

[3] West Virginia Code § 33-6-31(a) provides, in relevant part, as follows:

> *No policy or contract of bodily injury liability insurance*, or of property damage liability insurance, *covering liability arising from the ownership, maintenance or use of any motor vehicle, may be issued* or delivered in this state to the

Continued . . .

seeking damages for his negligence, and a counterclaim against United Financial for a declaratory judgment that, among other things, the Worker's Compensation exclusion did not apply and that the Employee Indemnification and Employer's Liability exclusion violated West Virginia Code § 33-6-31(a). Ball also sought money damages from United Financial, alleging breach of contract, breach of the covenants of good faith and fair dealing, unfair trade practices, and common law bad faith.

On cross-motions for summary judgment, the district court granted United Financial's motion. The court concluded that because Ball "sustained his injuries while he was working within the course of his employment with Milton Hardware," his injuries fell within the scope of the Worker's Compensation exclusion and "that, as a result, he [was] barred from liability coverage under the policy." The court also rejected Ball's argument that West Virginia Code § 33-6-31(a) required United Financial to extend liability coverage to Perry as a permissive user of an insured automobile, reasoning that the exception in § 33-6-31(h) applied to eliminate this requirement. *See* W. Va. Code § 33-6-31(h) (providing that subsection (a) does "not apply to any policy of insurance to the extent that it covers the liability of an employer to his or her employees under any workers' compensation law"). The court dismissed all of Ball's counterclaims against United Financial, including his state law claims for damages, and it declined to exercise supplemental jurisdiction over Ball's state law tort claim against Perry.

---

owner of such vehicle, or may be issued or delivered by any insurer licensed in this state upon any motor vehicle for which a certificate of title has been issued by the Division of Motor Vehicles of this state, *unless it contains a provision insuring the named insured and any other person*, except a bailee for hire and any persons specifically excluded by any restrictive endorsement attached to the policy, *responsible for the use of or using the motor vehicle with the consent, expressed or implied, of the named insured* or his or her spouse *against liability for death or bodily injury sustained* or loss or damage occasioned *within the coverage of the policy* or contract as a result of negligence in the operation or use of such vehicle by the named insured or by such person[.]

(Emphasis added).

4

On Ball's appeal, [the United States Court of Appeals for the Fourth Circuit] vacated the district court's judgment and remanded for further proceedings. *United Financial Casualty Co. v. Ball*, 941 F.3d 710 (4th Cir. 2019). [The Fourth Circuit] held first that "because Ball's negligence claim against Perry was a claim against a third party, rather than a claim against his employer for workers' compensation, the [policy's] Worker's Compensation exclusion did not apply." *Id.* at 712. [The Fourth Circuit] also "conclude[d] that the policy's broader exclusion for Employee Indemnification and Employer's Liability, which on its face would apply to exclude coverage for Perry's liability to Ball, was inoperable because its limitation of coverage contravened West Virginia Code § 33-6-31." *Id.* Specifically, United Financial had argued that "§ 33-6-31 (a) [did] not apply because of the workers' compensation exception in subsection (h)," but [the Fourth Circuit] explained that because "Ball's claim against Perry [was] not a workers' compensation claim, but rather a third-party common law tort claim, the exception in § 33-6-31 (h) [did] not apply, and § 33-6-31(a) continue[d] to override the restrictions of the Employee Indemnification and Employer's Liability exclusion." *Id.* at 716. As [the Fourth Circuit] summarized,

> At bottom, [the court] conclude[s] that while the language of the Employee Indemnification and Employer's Liability exclusion, considered alone, is sufficiently broad to deny Perry coverage for his liability to Ball, *such a limitation of coverage for a permissive user of an insured vehicle contravenes West Virginia Code § 33-6-31(a) and thus renders the exclusion unenforceable. See Universal Underwriters Ins. Co. v. Taylor*, 185 W. Va. 606, 408 S.E.2d 358, 363 (1991) (recognizing "that any provision in an insurance policy which attempts to contravene W. Va. Code, 33-6-31(a) is of no effect" (cleaned up)); *see also Burr* [*v. Nationwide Mut. Ins. Co.*], 178 W.Va. 398] 359 S.E.2d [626, 631 (W. Va. 1987)]. *Accordingly, [the court] hold[s] that the Employee Indemnification and Employee's Liability exclusion cannot operate to deny Perry coverage under United Financial's policy for his liability to Ball.*

*Id.* at 717. Thus "conclud[ing] that United Financial may not deny liability coverage to Perry by reason of either the Worker's Compensation exclusion or the Employee Indemnification and Employer's Liability exclusion," [the Fourth Circuit] remanded "for further proceedings as to any unresolved issues raised by the parties." *Id.*

On remand to the district court, the parties disagreed on what level of coverage United Financial was required to provide in view of [the Fourth Circuit's] holding that the Employee Indemnification and Employer's Liability exclusion was unenforceable. And this dispute brought into play West Virginia Code § 17D-4-2(b) (requiring minimum liability coverage of $25,000 for bodily injury to a person injured in a motor vehicle accident),[4] as well as [the Fourth Circuit's] prior holding under West Virginia Code § 33-6-31(a). United Financial argued that while the exclusion was unenforceable up to the $25,000 minimum liability coverage required by § 17D-4-2(b), it remained enforceable as to any amount above that statutory minimum. Ball and Perry, by contrast, argued that the exclusion was entirely unenforceable under § 33-6-31(a) and that therefore United Financial was required to provide Perry with coverage of up to the full $1 million afforded by the policy.

The district court entered summary judgment upholding United Financial's position in a memorandum opinion and order dated March 31, 2020. J.A. 484-92. . . . [I]t held that the policy's Employee Indemnification and Employer's Liability exclusion was "unenforceable up to the minimum

---

[4] As part of the Motor Vehicle Safety Responsibility Law, West Virginia Code § 17D-4-12(b)(2) [2015] provides that a motor vehicle liability policy shall

> insure the person named therein *and any other person, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured*, against loss from the liability imposed by law for damages arising out of the ownership, operation, maintenance or use of such vehicle or vehicles within the United States of America or the Dominion of Canada, *subject to limits* exclusive of interest and costs, with respect to each such vehicle, *in the amounts required in section two of this article*.

(Emphasis added); *see Ball*, 31 F.4th at 167. West Virginia Code § 17D-4-2, "in turn, specifies the minimum amount of liability coverage that must be provided pursuant to [§ 17D-4-12(b)(2)'s] requirement – $25,000, as relevant here." *Ball*, 31 F.4th at 168; *see* W. Va. Code § 17D-4-2(b)(2), in part ("'proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accident occurring subsequent to the effective date of the proof, arising out of the ownership, operation, maintenance, or use of a motor vehicle, trailer or semitrailer in the amount of $25,000 because of bodily injury to or death of one person in any one accident").

6

insurance coverage [of $25,000] required by state law but operative as to any amount above the state's mandatory minimum limits." J.A. 492.

*Ball*, 31 F.4th at 165-67 (footnotes and emphasis added). Ball appealed the district court's ruling.[5]

On Ball's second appeal to the Fourth Circuit, the issue thus concerned the amount of liability coverage, if any, United Financial is obligated to provide Perry with respect to Perry's liability (as a permissive user under the Milton Hardware policy) to Ball, a Milton Hardware employee. *See id.* at 167.[6] Finding no controlling West Virginia precedent to definitively answer the question, the Fourth Circuit certified the following question to us:

> When an exclusion in an automobile liability insurance policy violates West Virginia Code § 33-6-31(a) because it would deny coverage to a permissive user of an insured automobile, must the insurance policy provide the permissive user with the full liability coverage available under the policy or the minimum liability coverage required by the Motor Vehicle Safety Responsibility Law, West Virginia Code § 17D-1-1 *et seq.*?

> We accepted the certified question by order entered April 14, 2022.

**II. Standard of Review**

---

[5] A crossclaim and certain counterclaims remain pending in the district court and have been stayed. *See Ball*, 31 F.4th at 167.

[6] The question as to what amount of coverage United Financial was required to provide to Perry was first raised before the district court on remand. *See id.* at 168.

This case presents a certified question from the United States Court of Appeals for the Fourth Circuit. Our review is plenary. *See* Syl. Pt. 1, *Bower v. Westinghouse Elec. Corp.*, 206 W. Va. 133, 522 S.E.2d 424 (1999) ("This Court undertakes plenary review of legal issues presented by certified question from a federal district or appellate court.").

### III. Discussion

Although the Fourth Circuit found that application of the Employee Indemnification and Employer's Liability exclusion to permissive users of an insured vehicle contravened West Virginia Code § 33-6-31(a) and was, therefore, unenforceable, *Ball*, 31 F.4th at 166,[7] we are being asked to determine to what degree, if any, the exclusion nonetheless applies to limit the amount of liability coverage available to Perry, the non-employee permissive user of Milton Hardware's vehicle who allegedly negligently caused injuries to Ball, a Milton Hardware employee.

West Virginia Code § 33-6-31(a) plainly requires all motor vehicle insurance policies to insure permissive users of insured vehicles "against liability for death or bodily injury sustained . . . *within the coverage of the policy* . . . as a result of negligence in the operation or use of such vehicle by" the permissive user. *Id.* (emphasis added). Without

---

[7] United Financial has never appealed the Fourth Circuit's conclusion that the policy's Workers' Compensation exclusion does not apply to exclude coverage to Perry, a non-employee, for injuries caused to Ball, an employee of the insured, and that conclusion is not at issue in the question certified to this Court.

addressing the "within the coverage of the policy" requirement of the statute, United Financial argues that West Virginia Code § 33-6-31(a) and § 17D-4-2, the latter of which sets the minimum financial requirements for motor vehicle liability policies, work in tandem "to define minimum motor vehicle coverage in West Virginia" and that, based upon existing precedent, the Employee Indemnification and Employer's Liability exclusion is unenforceable only up to the minimum "proof of ability to respond in damages for liability" of $25,000 for bodily injury to a person in a motor vehicle accident, as set forth in West Virginia Code § 17D-4-2(b). Above this statutory minimum, United Financial contends, the exclusion is enforceable.

In contrast, Ball argues that this Court has never held that an exclusion that violates West Virginia Code § 33-6-31(a) is enforceable above the mandatory minimum limits set forth in West Virginia Code § 17D-4-2. According to Ball, our case law clearly supports a finding that the Employee Indemnification and Employer's Liability exclusion, which has already been determined to be inoperable, has no effect on the amount of liability coverage available in this case; rather, pursuant to the plain language of West Virginia Code § 33-6-31(a), both the availability and amount of available coverage under the policy depend upon the status of the *user* of the insured vehicle and not the status of the *injured party* – in other words, the statute requires that a permissive user such as Perry be insured against liability for negligently causing bodily injury "within the coverage of the policy" regardless of the injured party's status as an employee of the named insured. Accordingly,

9

United Financial must provide Perry with insurance coverage in an amount of up to $1 million, as provided in the policy. We agree with Ball.

Turning first to the language of West Virginia Code § 33-6-31(a), we reiterate that the statute requires all motor vehicle insurance policies to insure permissive users of insured vehicles "against liability for death or bodily injury sustained . . . within the coverage of the policy . . . as a result of negligence in the operation or use of such vehicle by" the permissive user. *Id.* We have held that

> [t]he mandatory omnibus requirements imposed by W. Va. Code, 33-6-31(a)[8], indicate that the legislature has demonstrated a clear intent to afford coverage to anyone using a vehicle with the owner's permission as a means of giving greater protection to those who are involved in automobile accidents. The statute should be liberally construed to effect coverage.

Syl. Pt. 3, *Burr v. Nationwide Mut. Ins. Co.*, 178 W. Va. 398, 359 S.E.2d 626 (1987) (footnote added); *see Universal Underwriters Ins. Co. v. Taylor*, 185 W. Va. 606, 611-12, 408 S.E.2d 358, 363-64 (1991) ("[T]he legislature's enactment of the omnibus clause [West Virginia Code 33-6-31(a)] evinces an unmistakable intent to maximize insurance coverage for the greater protection of the public and that effectuation of such intent requires a broad interpretation of the statute."). "Any provision in an insurance policy which

---

[8] Although West Virginia Code § 33-6-31(a) has since been amended, the amendment does not affect our decision in this case.

10

attempts to contravene W. Va. Code, 33-6-31(a), is of no effect." Syl. Pt. 2, *Burr*, 178 W. Va. at 399, 359 S.E.2d at 627.

Despite the plain language of West Virginia Code § 33-6-31(a), and without acknowledging that the statute unambiguously requires that permissive users be insured against liability for injuries caused while negligently operating an insured vehicle *"within the coverage of the policy,"* United Financial contends that West Virginia Code § 33-6-31(a) should be interpreted so as to limit the liability coverage available to the permissive user to the statutory minimum requirement set forth in West Virginia Code § 17D-4-2(b) (which, in this case, is $25,000). However, the case upon which United Financial primarily relies, *Jones v. Motorists Mutual Insurance Company*, 177 W. Va. 763, 356 S.E.2d 634 (1987) (abrogated by W.Va. Code §§ 33-6-31h [2015]), is readily distinguishable from the issue presented here and, in fact, along with other decisions from this Court, warrants that we hold that the policy must insure Perry against liability for the bodily injury alleged to have been negligently caused to Ball within the full limits of the policy.

In *Jones*, the insured purchased an automobile liability insurance policy that specifically excluded her teenage son from the policy's coverage. The son subsequently drove the car and wrecked it in a single car collision, damaging the vehicle and the property of third parties. *See id.* at 764, 456 S.E.2d at 635. The Court relied on the language of West Virginia Code 33-6-31(a) that expressly "authorizes potential users of an automobile to be specifically excluded from an automobile liability policy by a restrictive endorsement[,]" but also found there to be a "lack of harmony between this omnibus statute and the specific

11

requirements of Chapter 17D of the *Code* concerning financial responsibility and minimum levels of insurance." 177 W. Va. at 766, 356 S.E.2d at 637. Ultimately, for third-party liability purposes, the Court held the "named driver exclusion" endorsement to be enforceable, but only beyond the mandatory minimum required by West Virginia Code § 17D-4-2. 177 W. Va. at 765, 766, 356 S.E.2d at 736, 637.[9] Critically, the statute clearly permitted the exclusion at issue in *Jones* – that is, West Virginia Code § 33-6-31(a) authorized an automobile liability insurance policy to exclude from coverage any specific "persons . . . by any restrictive endorsement attached to the policy[,]" and so the policy at issue in *Jones*, which specifically excluded the insured's teenage son, did not violate (and, in fact, comported with) the requirements of the statute. *See id.*

In comparison, the Employee Indemnification and Employer's Liability exclusion at issue in this case clearly violates West Virginia Code § 33-6-31(a) by attempting to exclude coverage for a broad category of permissive users whose negligence may cause death or bodily injury as a result of the operation or use of the insured vehicle. Given this significant distinction, United Financial's reliance on *Jones* for the proposition that the Employee Indemnification and Employer's Liability exclusion is enforceable

---

[9] The Court in *Jones* made clear, however, that "the named driver exclusion endorsement is effective as against any claim made by [the insured] herself for damage to her own automobile or other personal property owned by her or her son." *Id.* at 765, 356 S.E.2d at 636.

12

beyond the statutory minimum limits set forth in West Virginia Code § 17D-4-2 is misplaced.[10]

---

[10] United Financial also briefly argues that our decisions in *Dotts v. Taressa J.A.*, 182 W. Va. 586, 390 S.E.2d 568 (1990), and *Imgrund v. Yarbrough*, 199 W. Va. 187, 483 S.E.2d 533 (1997), dictate that the Employee Indemnification and Employer's Liability exclusion be enforced above the minimum requirements of West Virginia Code § 17D-4-2. However, these cases are likewise distinguishable from the case before us.

In *Dotts*, we considered whether an insurance company was required to provide coverage under a policy it had issued to the Fairmont Marion County Transit Authority to one of its employee drivers for damages resulting from his sexual assault of a passenger. *Id.* at 587, 390 S.E.2d at 569. The policy included what was deemed to be exclusionary language that was "generally designed to exclude coverage for an intentional tort such as sexual assault." *Id.* at 589, 390 S.E.2d at 571. The plaintiff in *Dotts* argued that the exclusion was invalid "with respect to the mandatory insurance provisions of our" financial responsibility laws. *Id.* at 589, 390 S.E.2d at 571. Observing that our financial responsibility statute was not intended to exclude coverage for an intentional tort, *id.* at 590-91, 390 S.E.2d at 572-73, we held that "an intentional tort exclusion in a motor vehicle liability insurance policy is precluded under our [financial responsibility law] up to the amount of the minimum insurance coverage required therein. [However,] [t]he policy exclusion will operate as to any amount above the statutory minimum." *Id.* at 587, 390 S.E.2d at 569, syl. pt. 4.

We note, first, that *Dotts* was decided strictly with respect to the exclusion's invalidity under the financial responsibility law and not West Virginia Code § 33-6-31(a). Second, we observe that, in any event, the statute requires that named insureds and permissive users be insured against liability for death or bodily injury sustained or loss or damage occasioned "as a result of *negligence* in [their] operation or use of" the insured vehicle. *Id.* (emphasis added). It is thus logical to conclude that, because West Virginia Code § 33-6-31(a) *does not require* that named insureds and permissive users be similarly insured for death, bodily injury, loss, or damage caused as a result of *intentional torts* committed in their operation or use of the insured vehicle, an intentional tort exclusion would not violate West Virginia Code § 33-6-31(a) and, therefore, would be enforceable beyond the mandatory minimum limits of West Virginia Code § 17D-4-2. Contrary to the intentional torts exclusion in *Dotts*, in this case, an exclusion that excludes coverage for a permissive but negligent user of an insured vehicle violates West Virginia Code § 33-6-31(a) and is, thus, inoperable even beyond the mandatory statutory minimum limits.

Continued . . .

13

We also look to our decision in *Burr*, which involved an accident caused by the driver of a pickup truck that had been borrowed for the driver's personal use from the insured, a motor vehicle dealership owner. Among other issues, the Court addressed the applicability of the insurance policy's "dealer plates" endorsement exclusion, which stated that "[a]ny auto you own while used with . . . [dealer plates] . . . is a covered automobile . . . but only while the auto is: (A) Used in your garage business, or (B) Rented to a customer . . . ." 178 W. Va. at 403 n.9, 359 S.E.2d at 631 n.9. The insurance company argued that this exclusion comported with West Virginia Code § 33-6-31(a) and should be equated with the statute's language "that enables an exclusion for 'any person specifically excluded

---

Our holding in *Imgrund* is likewise distinguishable from the case at bar. That case involved whether an "owned but not insured" exclusion could preclude a driver of a motorcycle involved in a collision with an uninsured motorist from obtaining *uninsured* motorist coverage under his parent's policy where no premium was paid by the insureds for that vehicle. *See* W. Va. Code § 33-6-31(b) (requiring motorists to have uninsured motorist coverage in minimum amounts established by West Virginia Code § 17D-4-2). We held that "[a]n 'owned by not insured' exclusion to *uninsured* motorist coverage is valid and enforceable above the mandatory limits of *uninsured* motorist coverage required by W. Va. Code §§ 17D-4-2. . . and 33-6-31(b)[,]" but that such an exclusion is ineffective and void to the extent it "attempts to preclude recovery of statutorily mandated minimum limits of *uninsured* motorist coverage." 199 W. Va. at 188, 483 S.E2d at 534, syl. pt. 4, in part. *Imgrund* is distinguishable from the present case because (1) an "owned but not insured" exclusion does not violate West Virginia Code 33-6-31(a), *see* W. Va. Code § 17D-4-12(b)(1) (requiring a motor vehicle liability policy to "designate . . . all vehicles with respect to which coverage is thereby to be granted"), and (2) West Virginia Code § 33-6-31(a) very clearly requires that permissive users of insured vehicles must be insured "against liability for death or bodily injury sustained . . . *within the coverage of the policy*[.]" *Id.*, in relevant part (emphasis added).

by any restrictive endorsement.'" 178 W. Va. at 403, 359 S.E.2d at 631. This Court rejected that argument, concluding that the "statutory phrase 'person[] specifically excluded'" cannot be "interpreted to include a category which refers to no specified person" as contained in the "dealer plates" endorsement. *Id.* at 404, 359 S.E.2d at 632. To conclude otherwise, the Court reasoned, *would be contrary to the plain meaning of West Virginia Code § 33-6-31(a)*; therefore, we held that, to be effective under the omnibus clause, "an exclusion must specifically designate by name the individual or individuals to be excluded. Since the 'dealer plates' endorsement in [the] . . . policy did not so designate [the specific driver involved in the accident], it was null and void as to him." *Id.* at 404-05, 359 S.E.2d at 633 (footnote omitted). Thus, we concluded in *Burr* that the "dealer plates" endorsement exclusion was void and unenforceable *in toto* because it failed to comport with the plain requirements of West Virginia Code § 33-6-31(a).

Finally, this Court has held that provisions that purport to "limit, reduce or nullify" the liability coverage mandated by West Virginia Code § 33-6-31(a) are likewise void and unenforceable in their entirety. In *Gibson v. Northfield Insurance Company*, 219 W. Va. 40, 631 S.E.2d 598 (2005), the Court addressed the validity of a "defense within limits" provision in an automobile liability insurance policy purchased by the City of Charleston. In such a provision, "all costs of defense are chargeable against, and thereby erode or reduce, the indemnification policy limits" such that "[w]hen the policy limits are exhausted – whether through the payment of claims to third parties or the payment of defense costs – the insurance company's obligation to provide coverage and a defense

15

terminates[.]" *Id.* at 42, 631 S.E.2d at 600.[11] The Court in *Gibson* observed that, of "the required elements of a motor vehicle insurance policy"[12] sold in West Virginia, as set forth in West Virginia Code § 33-6-31(a), "[n]otably absent . . . is any requirement that an automobile liability insurance policy . . . expend the policy limits to protect the named insured against the fees and expenses incurred . . . in defending claims"[13] such as what was provided for in the defense within limits provision of the City's policy. Finding that such a provision violates West Virginia Code § 33-6-31(a) and the intent of the Legislature, we held:

> W.Va. Code, 33-6-31(a) [1998] expressly requires that a motor vehicle insurance policy contain a provision insuring the named insured and any other person responsible for the use of or using the motor vehicle against liability to another for death, bodily injury, loss or damage sustained as a result of negligence in the operation or use of such vehicle. Any additional provision in a motor vehicle insurance policy which

---

[11] In *Gibson*, one of the plaintiffs was injured and the other's decedent was killed when their motorcycles collided with an ambulance owned by the City of Charleston. 219 W. Va. at 43, 631 S.E.2d at 601. The City had purchased an insurance policy with a $1 million limit for automobile liability coverage. *Id.* Many months after a complaint was filed against the City, the plaintiffs learned that over thirty percent of the $1 million coverage had been consumed by defense litigation expenses, "and that the amount of insurance coverage continued to be reduced by ongoing defense attorney fees and costs." *Gibson*, 219 W. Va. at 44, 631 SE.2d at 602 (footnote omitted). The parties ultimately settled for the amount that remained, with one of the parties reserving the right to seek declaratory relief as to the validity of the "defense within limits" provision and the amounts "spent by the insurance company on defense costs to the date of the settlement." *Id.*

[12] *Id.* at 47, 631 S.E.2d at 605.

[13] *Id.* at 47, 631 S.E.2d at 605.

16

tends to limit, reduce or nullify that . . . liability coverage . . .
is void and ineffective as against public policy.

*Gibson*, 219 W. Va. at 41, 631 S.E.2d at 599, syl. pt. 3, in part. Because the "defense within limits" provision violated West Virginia Code § 33-6-31(a), it was void and ineffective in its entirety.

Based upon all of the foregoing, and in light of West Virginia Code § 33-6-31(a)'s clear and unambiguous language requiring motor vehicle liability insurance policies to insure permissive users against liability for death or bodily injury sustained or loss or damage occasioned within the coverage of the policy as a result of the permissive user's negligence in operating or using an insured vehicle, we now hold that when an exclusion in a motor vehicle liability insurance policy violates West Virginia Code § 33-6-31(a) because it would deny coverage to a permissive user of an insured vehicle, the exclusion is void, and the insurance policy must provide coverage to the permissive user up to the full limits of liability coverage available under the policy.

## IV. Conclusion

The certified question having been answered, we remand this case to the United States Court of Appeals for the Fourth Circuit for further proceedings.

Certified Question Answered.

17